TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MICHAEL BURSHTEYN (CA SBN 295320)
MBurshteyn@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MIA N. AKERS (CA SBN 323571)
MAkers@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
COMMUNITY.COM, INC.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ADLER AND GAVIN MCDONOUGH, on behalf of themselves and others similarly situated,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>COMMUNITY.COM, INC.,<br><br>                  Defendant. | Case No. 2:21-cv-02416-SB-JPR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Stanley Blumenfeld, Jr.<br><br>[Discovery Document: Referred to Magistrate Judge Jean P. Rosenbluth]<br><br>Complaint filed: March 18, 2021<br>Am Compl. filed: April 5, 2021 |

1.      INTRODUCTION

    1.1      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2.     GOOD CAUSE STATEMENT

This action is likely to involve confidential or proprietary information, or trade secrets and other valuable commercial, financial, technical or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential business or financial information may consist of information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

sf-4549923

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     <u>DEFINITIONS</u>

2.1     <u>Action</u>: The pending federal action titled *Adler, et al. v. Community.com*, Case No. 2:21-cv-02416-SB-JPR.

2.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" Information: information (regardless of how it is generated, stored, or maintained) or tangible things that contain highly sensitive information, including, but not limited to, system and product specifications, design partners and/or processes, or the identities and terms of agreement with third parties.

2.9     House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Protected Material shall not be disclosed to any person except in accordance with the terms of this Stipulated Protective Order.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Once a case proceeds to trial, all of the information to be introduced that was previously designated as confidential or maintained pursuant to this Stipulated Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" needed for merits-related documents).

Notwithstanding the foregoing, neither the termination of this Action nor the termination of employment of any person receiving information under the terms of this Protective Order who has had access to any CONFIDENTIAL Information or

HIGHLY CONFIDENTIAL Information, or the contents thereof, shall relieve such person of his or her obligations hereunder, which shall survive.

This Protective Order is binding on all Parties to this Action. This Stipulated Protective Order is also binding on all non-parties receiving information under the terms of this Order who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by further order of the Court.

Nothing here, nor any production of documents, shall be interpreted to waive or limit any rights or privileges to which the Parties to this Agreement may be entitled under any law, regulation, or Constitutions of the United States or any state.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.5.

DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

sf-4549923

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Nothing contained in this is intended to, nor shall it operate to, limit a Party's ability to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any materials produced by a Non-Party.

Designation in conformity with this Order requires:

(a)  for information in documentary form (for example, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENITAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins). In the case of electronically stored information produced in electronic form, the Producing Party shall also affix to the physical media on which any Protected Material is produced (or, if possible, in the electronic name of the file) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  deposition testimony and the transcripts and video recordings of depositions in this Action must be treated as "CONFIDENTIAL" for a period of fourteen (14) days after receipt of the final deposition transcript (or such later time as agreed to by the Parties) to allow time for the Parties to designate by page and line number those portions of the testimony that are to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If any part of a deposition recorded by videographic means is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the recording storage medium and its container shall be so labeled.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions

sf-4549923

1  of the information warrants protection, the Producing Party, to the extent

2  practicable, must identify the protected portion(s).

3        (d)  in the case of interrogatory answers, responses to requests for admissions,

4  and other similar documents providing information, the designation of

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made by means of a

6  statement in the relevant document specifying that the document or specific parts

7  thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

9  failure to designate Disclosure or Discovery Material as "CONFIDENTIAL" or

10  "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating

11  Party's right to secure protection under this Order for such material.  Upon timely

12  correction of a designation, the Receiving Party must make reasonable efforts to

13  assure that the material is treated in accordance with the provisions of this Order.

14  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

15        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

16  designation of confidentiality at any time that is consistent with the Court's

17  Scheduling Order.

18        6.2    Meet and Confer.  The Challenging Party must initiate the dispute

19  resolution process under Local Rule 37.1, *et seq.*  Any discovery motion must

20  strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3 as

21  modified by Judge Rosenbluth's Procedures.

22        6.3    Burden.  The burden of persuasion in any such challenge proceeding

23  shall be on the Designating Party.  Frivolous challenges, and those made for an

24  improper purpose (for example, to harass or impose unnecessary expenses and

25  burdens on other parties,) may expose the Challenging Party to sanctions.  Unless

26  the Designating Party has waived or withdrawn the confidentiality designation, all

27  parties shall continue to afford the material in question the level of protection to

28

9

which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the recipient with respect to its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

sf-4549923

"Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are not currently employed by any competitor of Community and are retained by counsel for the purpose of consulting and/or testifying in the Action;

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses (with the exception of those employed by a competitor of Community) and attorneys for witnesses to whom disclosure is reasonably necessary provided they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as

11

well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are not currently employed by any competitor of Community and are retained by counsel for the purpose of consulting and/or testifying in the Action;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)  during their depositions, witnesses (with the exception of those employed by a competitor of Community) and attorneys for witnesses to whom disclosure is reasonably necessary provided they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

sf-4549923

If a Party is served with a subpoena, court order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or legal process unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena, court order, or legal process to issue in the other litigation that some or all of the material covered by the subpoena, court order, or legal process is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or legal process shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued or other appropriate court, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Non-Party's CONFIDENTIAL or "HIGHLY CONFIDENTIAL" Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL Information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the

sf-4549923

14

Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (but in any event no later than ten (10) days after learning of the disclosure) (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1   If Producing Party's inadvertent disclosure of material is subject to a claim of privilege or other protection, including, but not limited to, the attorney client privilege, work product privilege, or settlement privilege ("Inadvertently Produced Protected Material)" it shall not constitute a waiver with respect to such Inadvertently Produced Protected Material or generally of such privilege in this Action.  Pursuant to Federal Rule of Evidence 502(d), a privilege or protection is not waived by: (i) inadvertent disclosure connected with the litigation pending before the Court, in which event the disclosure is also not a waiver in any other federal or state proceeding, or (ii) disclosure pursuant to any agreement the parties reach for asserting claims of privilege or of protection after information is disclosed or produced (see FRCP 16(b)(3)(B)(iv)) connected with the litigation pending before the Court in which event the disclosure is also not a waiver in any other federal or

sf-4549923

state proceeding.  The Parties will abide by the following procedures in connection with any Inadvertently Produced Protected Material:

(a) A Producing Party shall promptly notify the Receiving Party of any Inadvertently Produced Protected Material.  Upon receipt of notice of any Inadvertently Produced Protected Material, the Receiving Party shall immediately segregate the document in a manner that will prevent further disclosure or dissemination of its contents.

(b) Absent any dispute as to the claim of privilege, within ten (10) days of receiving notice of the Inadvertently Produced Protected Material, the Receiving Party shall return or destroy all documents identified by the Producing Party in such notice.  The Receiving Party shall not use any information in the Inadvertently Produced Protected Material for any purpose.

(c) In the event there is a dispute over whether the documents at issue are protected from disclosure by privilege, the Receiving Party shall return or destroy all documents identified by the Producing Party within ten (10) days of receipt of notice that the documents were inadvertently produced, but may retain one copy of any such document solely for the purpose of meeting and conferring with the Producing Party over the claim of privilege.  If the dispute is not resolved within sixty (60) days, the Receiving Party may present the information to the Court in compliance with Local Rules 37 and 79.5 for a determination of the claim, or may return or destroy the documents and make no further use of the information in the documents.  Alleged Inadvertently Produced Protected Material shall remain segregated and protected against further disclosure and use during the pendency of any dispute over their status.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16

sf-4549923

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   <u>Fact of Designation Not Admissible</u>: The fact of designation, or failure to designate, disclosure or discovery materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Stipulation and Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Stipulation and Protective Order.

12.5   <u>Timing</u>: Counsel agree to be bound by the terms set forth herein with regard to any Protected Materials that are produced before the Court signs this Stipulated Protective Order.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the

17

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence; deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

14.	Any willful violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, evidentiary sanctions, and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:  October 5, 2021

LIPPSMITH LLP; THE BRAD SOHN LAW FIRM, PPLC; GLAPION LAW FIRM, LLC


By:  /s/ *Graham B. Lippsmith*

Graham B. Lippsmith
***Attorneys for Plaintiffs Shawn Adler and Gavin McDonough***


Dated:  October 5, 2021

MORRISON & FOERSTER LLP


By:  /s/ *Tiffany Cheung*

Tiffany Cheung
***Attorneys for Defendant Community.com***

sf-4549923

1

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3     Dated: October 7, 2021

_____

Jean P. Rosenbluth

United States District/Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-4549923

19

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States. District Court for the Central District of California on [date] in the case of *Adler, et al. v. Community.com*, Case No. 2:21-cv-02416-SB-JPR**]**. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

sf-4549923

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

I, Tiffany Cheung, am the ECF User whose ID and password are being used to file the above Stipulation.  In compliance with Local Rule 5-4.3.4, I hereby attest that Graham B. Lippsmith has concurred in and authorized this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

/s/ *Tiffany Cheung*
Tiffany Cheung
***Attorneys for Defendant***
***Community.com***

sf-4549923